IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PERCY E. PAIR, JR. | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. GLR-20-2448 |
| DEBORA DARDEN, ACTING WARDEN, et al., | * | |
| | * | |
| Respondents. | * | |

\*\*\*

## MEMORANDUM OPINION

THIS MATTER is before the Court on self-represented Petitioner Percy E. Pair, Jr.'s Petition for a Writ of Habeas Corpus filed under 28 U.S.C. § 2254 (ECF No. 1). The Petition is ripe for review, and no hearing is necessary. See R. Govern. § 2254 Cases U.S. Dist. Ct. 8(a); 28 U.S.C. § 2254(e)(2); Local Rule 105.6 (D.Md. 2021); see also Fisher v. Lee, 215 F.3d 438, 455 (4th Cir. 2000) (noting that a petitioner is not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons set forth below, the Court will deny the Petition and decline to issue a certificate of appealability.

### I.   BACKGROUND

On January 29, 1991, a jury in the Circuit Court for Baltimore City convicted Pair of the first-degree, premeditated felony murder of Christian Robbins, as well as armed robbery and a related handgun offense. See Pair v. State, No. 476, Sept. Term 1991, slip

op. at 2 (Md.Ct.Spec.App. Apr. 16, 1992);[1] (see Case No. 19007217 Handwritten Docket Entries at 2, ECF No. 5-4).[2] At a separate hearing, Pair pleaded guilty to the first-degree murders of his father, Percy E. Pair, Sr., and Cheryl Connelly, as well as related handgun offenses. (Pair, slip op. at 2). The trial court sentenced Pair to three life sentences for the murder convictions, two to run consecutively, with the third to be served concurrently. Additionally, he was sentenced to three fifteen-year sentences for the handgun violations to run consecutively to each other, and concurrent to the life sentence. Pair did not file any post-judgment motions.

The Maryland Court of Special Appeals affirmed Pair's conviction for the first-degree murder of Christian Robbins. Id. The court issued its mandate on May 18, 1992. Id. at 9. Pair did not seek further appellate review. (Pet. at 4, ECF No. 1). On September 5, 2000, Pair filed a petition for postconviction relief. (See Case No. 19007217 Electronic Docket Sheets at 1, ECF No. 5-1;[3] Case No. 19007220 Docket Sheets at 3, ECF No. 5-3).[4] The circuit court held the post-conviction hearing in 2002[5] and denied relief by order dated

---

[1] The electronic record accessible at ECF No. 5-1 contains multiple documents from the state court record. The Court of Special Appeals opinion may be found at pages 1–9 of ECF No. 5-5, using the pagination assigned by the Court's Case Management and Electronic Case Files ("CM/ECF") system.

[2] The electronic record accessible at ECF No. 5-4 contains photocopies of the handwritten docket entries from the original case file in the Circuit Court for Baltimore City. The date of Pair's trial court verdict comes from page 2 of ECF No. 5-4, using the pagination assigned by the Court's CM/ECF system.

[3] The docket sheets for Case No. 19007217 may be found at pages 1–18 of ECF No. 5-1, using the pagination assigned by the Court's CM/ECF system.

[4] The docket sheets for Case No. 19007220 may be found at pages 1–14 of ECF No. 5-3, using the pagination assigned by the Court's CM/ECF system.

[5] The Court notes that there is a discrepancy between the electronic and handwritten docket entries as to the date of the postconviction hearing. According to the electronic

January 13, 2006. (Case No. 19007217 Electronic Docket Sheets at 3; Case No. 19007217 Handwritten Docket Entries at 3). On January 24, 2008, Pair filed a motion to reopen his postconviction proceeding, which the circuit court denied on February 26, 2008. (Case No. 19007217 Electronic Docket Sheets at 3). He filed an application for leave to appeal the denial of the motion to reopen, which was denied in October 2008. (Case No. 19007217 Electronic Docket Sheets at 3–4).

On August 25, 2020, Pair filed this Petition challenging his 1991 convictions in the Circuit Court for Baltimore City for first-degree murder, armed robbery, and use of a handgun in commission of a crime of violence. (See Pet. at 1); State of Maryland v. Pair, Nos. 19007217–19007223 (Cir.Ct.Md. 1991). On December 11, 2020, Respondent Debora Darden,[6] Acting Warden of the Eastern Correctional Institution, filed a Limited Answer to the Petition asserting that the matter is time-barred. (ECF No. 5). The Court advised Petitioner of his right to respond to the Answer and offer an explanation to excuse the untimely filing of his Petition, and he filed a Reply on January 20, 2021. (ECF Nos. 6, 7).

---

docket entries, the hearing took place on April 3, 2002. (Case No. 19007217 Electronic Docket Sheets at 3). According to the handwritten docket entries, the hearing was held on June 13, 2002. (Case No. 19007217 Handwritten Docket Entries at 3). The hearing date is immaterial to determining whether the instant federal Petition was timely.

[6] The proper respondent in an action for habeas corpus is the Petitioner's custodian. See 28 U.S.C. § 2242; Rumsfeld v. Padilla, 542 U.S. 426, 435–36 (2004); see also R. Govern. § 2254 Cases U.S. Dist. Ct. 2(a). Pair named as Respondent Jeffrey Nines, Acting Warden of North Branch Correctional Institution, where Pair was incarcerated at the time he filed the Petition. Although Pair has not filed a notice of change of address with the Court, the Maryland Inmate Locator Website shows that Pair is presently incarcerated at Eastern Correctional Institution. Percy Pair Supervision Record, VINELink, https://vinelink.vineapps.com/search/MD/Person (search by name for "Percy Pair"). The Court will direct the Clerk to amend the docket to show Debora Darden, Acting Warden of the Eastern Correctional Institution, as Respondent.

3

## II.     DISCUSSION

**A.**     <u>**Standard of Review**</u>

A one-year limitation period applies to petitions for writ of habeas corpus filed under 28 U.S.C. § 2254. The limitation period is set forth in 28 U.S.C. § 2244, which provides that the one-year limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). But "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). "[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired, unless one of the circumstances enumerated by the statute is present and starts the clock running at a later date." <u>Hill v. Braxton</u>, 277 F.3d 701, 704 (4th Cir. 2002) (citing 28 U.S.C. § 2244(d)(1)(A)).

"[T]he one-year limitation period is also subject to equitable tolling in 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party.'" Id. (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). To be entitled to equitable tolling, a petitioner must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances beyond his control caused the delay. See Harris, 209 F.3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id.

**B.    Analysis**

Pair's convictions became final on June 2, 1992, fifteen days after the Court of Special Appeals issued the mandate in his direct appeal, and the time for filing a petition for certiorari in the Maryland Court of Appeals had elapsed. See Md. Rule 8-302(a); see also Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (holding that under § 2244(d)(1)(A), a judgment that is not reviewed in the United States Supreme Court "becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires"). Individuals whose convictions were finalized before April 24, 1996, as is the case here, had until April 24, 1997 to file petitions for writ of habeas corpus in federal court. Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000) (clarifying the filing deadline as April 24, 1997). Pair had no pending post-judgment motions when his convictions became final that would otherwise toll the limitations period. Further, he did not file anything in state court between the time when

5

his convictions became final and April 24, 1997, the deadline.[7] Thus, when Pair filed his federal habeas application in 2020, he was over twenty years late. Unless it meets the criteria for equitable tolling, Pair's Petition is time-barred.

Pair argues that he is either entitled to an alternative starting date for the limitations period or to equitable tolling. (Pet. at 3). Pair asserts that on more than five occasions between 1992 and 2000, his legal papers were confiscated from him in prison and never returned. He further claims he had inadequate access to legal materials in prison and had no knowledge of the one-year limitations period enacted by statute, two circumstances that hindered his ability to file his Petition on time. Pair provides copies of confiscation notices as proof that his paperwork was confiscated five times between 1995 and 1998. (Notice Confiscation at 1–5, ECF No. 7-1). Pair, however, does not identify what papers were confiscated or explain why their confiscation prevented him from filing a timely federal petition. Similarly, he does not explain what library materials he needed or how his limited access negatively affected his capacity to submit a timely filing. Further, Pair does not assert which of the alternative starting dates listed in 28 U.S.C. § 2244(d)(1)(A)–(B) should apply here. Moreover, he has not shown an impediment to filing his application created by a violation of the Constitution or federal law, or a new constitutional right retroactively available to him. Nor can he show that he discovered the predicate of his claims belatedly—

---

[7] Pair's subsequent filings, including his post-conviction Petition, were filed more than three years after the limitations period had expired. "A state court filing after the federal habeas filing deadline does not revive it." Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); accord Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001), cert. denied, 538 U.S. 949 (2003).

in the Petition, Pair raises claims of ineffective assistance of trial counsel, which presumably became known to him during or shortly after trial.

Equitable tolling is reserved for rare instances where it would be "unconscionable to enforce the limitation period against the party and gross injustice would result." Harris, 209 F.3d at 330. Here, Pair has not delineated any viable basis for finding that the limitations period should be equitably tolled to excuse the more than twenty-year delay in filing his federal habeas petition. Limited access to legal materials, in and of itself, does not constitute an extraordinary circumstance to warrant equitable tolling. Indeed, this Court has explained that arguments for equitable tolling are subject to a "stringent standard," and that "[o]ther courts addressing equitable tolling have found that 'extraordinary circumstances' are not: having an inadequate law library, attorney error, claims of actual innocence, ignorance of the filing deadline, or even (in some instances) petitioner illness." McLean v. United States, No. GLR-10-373, 2016 WL 6879891, at *2 (D.Md. Nov. 22, 2016). To the extent Pair argues that he was unfamiliar with the law, this similarly is insufficient for equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004); see also Cross–Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted." (internal quotation marks and citation omitted)); Felder v. Johnson, 204 F.3d 168, 171–73 (5th Cir. 2000) (ignorance of the law is not a rare and exceptional circumstance that warrants equitable tolling); Smith v. McGinnis, 208 F.3d 13, 18 (2d Cir. 2000) (pro se status is not sufficient cause for equitable tolling); Miller v.

Marr, 141 F.3d 976, 978 (10th Cir. 1998) (petitioner's lack of knowledge of time limit is insufficient to warrant equitable tolling).

Pair's arguments do not entitle him to equitable tolling. Even if Pair were able to establish the existence of extraordinary circumstances beyond his control, he has not shown that he diligently pursued his claims. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc); Williams v. United States, No. 315CR220FDWDSC2, 2021 WL 2877911, at *5 (W.D.N.C. July 8, 2021) ("[E]quitable tolling of petitions for collateral review is available only when the petitioner demonstrates '(1) the has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" (quoting Holland v. Florida, 560 U.S 631, 649 (2010))). Accordingly, Pair provides no basis for the Court to apply equitable tolling. The Court will thus deny the Petition as time-barred.

**C.    Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a § 2254 petition. Because the accompanying Order is a final order adverse to the applicant, Petitioner must receive a certificate of appealability before an appeal may proceed. 28 U.S.C. § 2253(c)(1). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the

district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Because Pair has not made the requisite showing, the Court declines to issue a certificate of appealability. Pair may nevertheless request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. See Lyons v. Lee, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

### III.   CONCLUSION

For the foregoing reasons, the Court will deny Pair's Petition for Writ of Habeas Corpus (ECF No. 1) and decline to issue a certificate of appealability. A separate Order follows.

Entered this 28th day of March, 2022.

/s/
George L. Russell, III
United States District Judge